UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD C. BOROWSKI,<br><br>               Plaintiff,<br><br>    v.<br><br>BNC MORTGAGE, INC.; LEHMAN BROTHERS HOLDINGS, INC.; STRUCTURED ASSET SECURITIES CORPORATION; STRUCTURED ASSET INVESTMENT LOAN TRUST 2004-2; BANK OF AMERICA, NA; JPMORGAN CHASE BANK, NA; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; AND DOES 1 TO 10, inclusive,<br><br>               Defendants. | CASE NO. C12-5867 RJB<br><br>ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on cross-motions for summary judgment. Defendants JPMorgan Chase Bank, NA (Chase) and Mortgage Electronic Registration Systems, Inc. (MERS) move to dismiss Plaintiff's complaint and causes of action in their entirety. Dkt. 22. In filing a response, the Plaintiff has filed a "countermotion" for summary judgment. Dkt. 26. The Court has considered the pleadings in support of and in opposition to the motions and the record herein.

## INTRODUCTION AND BACKGROUND

This is an action brought by Plaintiff Edward C. Borowski for declaratory judgment and to quiet title. Dkt. 1 pp. 1-2. As alleged in Plaintiff's *pro se* Complaint, Plaintiff is the current owner of certain real property located at 23613 Northeast 9th Street - Camas, Washington (Property). Dkt. 1 p. 2. Plaintiff disputes the current mortgage recorded against title to this property, "in that originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and mortgage related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's home." Dkt. 1 pp. 2. Plaintiff seeks a declaration of interests in the property and for the cancellation of his mortgage. *Id.* Plaintiff's Complaint asserts the following causes of action (1) quiet title, (2) declaratory relief, (3) violation of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.,* and (4) violation of the Truth in Lending Act, 15 U.S.C. § 1641(g). Dkt. 1.[1] Within the Complaint, Plaintiff acknowledges that he has a mortgage on the subject property (Dkt. 1 p. 2), that the Defendant Chase is servicing the "underlying promissory note and associated mortgage" (Dkt. 1 pp. 2-3), and that the Defendant

---

[1] Of the multiple Defendants named in the Complaint, only Chase and MERS have appeared in this action. Dkt. 6 and Dkt. 7. The remaining named Defendants do not appear to have been properly served. See Dkt. 10 and Dkt. 11.

MERS is identified as the "Beneficiary under the Mortgage or mortgage associated with Plaintiffs Note " (Dkt 1 p. 10).

In support of the motion for summary judgment, Defendants Chase and MERS have introduced documentary evidence that on November 6, 2003, as part of the original loan documents for the subject property, the Plaintiff executed an "Adjustable Rate Note" promising to pay $185,000.00 and a "Deed of Trust" with the lender BNC Mortgage, Inc.  Dkt. 23-1 pp. 2-5; Dkt. 23-1 pp. 7-21. On November 15, 2011, the Plaintiff executed a "Loan Modification Agreement" with CHASE bearing an effective date of December 1, 2011. Dkt. 23-1 pp. 23-28. The 2011 Loan Modification Agreement necessarily makes reference to and, as indicated, modifies the first lien "Security Instrument" and "Note" which were executed by the Plaintiff in 2003.  Dkt. 23-1 p. 23.  As it relates to MERS and CHASE, respectively, the Loan Modification Agreement provides in paragraphs K and L as follows:

> K.   That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and cancelling the mortgage Loan.
>
> L.   I acknowledge and agree that if the Lender executing this Agreement [CHASE] is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

Dkt. 23-1 p. 26.

The Deed of Trust executed by the Plaintiff in 2003 provides that MERS is acting as a nominee, or agent, for the original lender BNC Mortgage, Inc., and the lender's successors and assigns. Dkt. 23-1 p. 7-8.  The Deed of Trust also provides that MERS is the beneficiary under the security instrument.  *Id*.  The Adjustable Rate Note executed by the Plaintiff in 2003 contains

the rights and obligations of the respective parties which include (1) Borrower's Promise to Pay; (2) Borrower's Failure to Pay as Required; (3) Giving of Notices; (4) Obligations of Persons Under this Note"; and (4) Secured Note. Dkt. 23-1 pp. 2-4.

In response to Defendants' motion for summary judgment, and apparently in support of his counter motion for summary judgment, the Plaintiff has filed a multitude of documents, most which appear irrelevant to the claims made in his Complaint. See Dkt. 25-40. Plaintiff "cannot expect the Court to comb the record and make the party's case for it." *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1223 (10th Cir. 2008). A review of the record does reveal that many of Plaintiff's allegations appear to be based upon a document entitled "Closed Loan Forensic Loan Securitization Legal Chain of Title and Analysis Report" that Plaintiff obtained from a company called Audit Pros Inc., and the accompanied affidavit of Javier A. Taboas, a purported expert on residential mortgage finance transactions. Dkt. 31- Dkt. 39. Despite the volume of materials, including the analysis of the chain of ownership of the Deed of Trust and Note, Plaintiff's submissions do not support any of Plaintiff's claims.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn there from, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

1     The moving party bears the initial burden of informing the court of the basis for its
2 motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex*
3 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of
4 proof, the moving party must make a showing that is sufficient for the court to hold that no
5 reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*,
6 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).
7     To successfully rebut a motion for summary judgment, the non-moving party must point
8 to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
9 *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might
10 affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477
11 U.S. 242, 248 (1986). A dispute regarding a material fact is considered genuine "if the evidence
12 is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* at 248.
13 There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa*
14 *de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir.
15 1980). The mere existence of a scintilla of evidence in support of the party's position is
16 insufficient to establish a genuine dispute; there must be evidence on which a jury could
17 reasonably find for the party. *Anderson*. at 252.

## QUIET TITLE

19     The portions of Plaintiff's Complaint relating to the quiet title claim allege as follows:

> The basis for Plaintiff seeking of quiet title is that the current mortgage security instrument held against title is invalid in that it lists MERS as a beneficiary of the mortgage. As cited previously, if MERS is a beneficiary of a security instrument, then that security instrument is invalid.
> …

1  |  Plaintiff is entitled to equitable relief and quiet title ... declaring Plaintiff to be the
2  |  title owner of record of the property as to effective date of said cancellation of
   |  any Mortgage recorded against title and quieting Plaintiffs title therein[.] ...
3  |  Plaintiffs Note has been paid off.  All of Plaintiffs Note obligations have been
   |  satisfied.

4  Dkt. 1 pp. 17-18.

5  Quiet title actions are "designed to resolve competing claims of ownership ... [or] the

6  right to possession of real property." *Kobza v. Tripp*, 105 Wn.App. 90, 95 (2001). Washington's

7  statute governing quiet title actions recognizes that a deed of trust creates only a secured lien on

8  real property, and does not convey any ownership interest or right to possess the subject

9  property.  RCW 7.28.230(1).

10  The fact that MERS cannot lawfully act as a beneficiary under the Deed of Trust does not

11  void the Deed of Trust.  As the Washington Supreme Court stated in *Bain v. Metropolitan*

12  *Mortg. Group*, 175 Wn.2d 83 (2012), it had been presented with "no authority ... for the

13  suggestion that listing an ineligible beneficiary on a deed of trust would render the deed void and

14  entitle the borrower to quiet title." *Id*. p. 112.  While declining to address the question, the court

15  stated that it "tend[s] to agree" with MERS' argument that "any violation of the deed of trust act

16  should not result in a void deed of trust, both legally and from a public policy standpoint." *Id*. p.

17  114.  Plaintiff's claim that the title is void because MERS is designated a beneficiary of the Deed

18  of Trust is without merit.

19  A quiet title claim against a mortgagee requires an allegation that the mortgagor is the

20  rightful owner of the property, that is, that the mortgagor has paid an outstanding debt secured by

21  the mortgage.  If the action is against a purported lender or otherwise involves a deed of trust, a

22  plaintiff must also allege facts demonstrating they have satisfied their obligations under the deed

23  of trust.  See *Kelley v. MERS, Inc*., 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).  Although

24

Plaintiff contends that he has paid the debt owed on the mortgage loan, the evidence is clear that there is an outstanding balance owed by Plaintiff. Plaintiff cannot show the required prerequisite for a quiet title action.

Plaintiff's quiet title claim will be dismissed with prejudice.

## DECLARATORY RELIEF

Plaintiff's Complaint provides the following allegations against the Defendants in the cause of action seeking declaratory relief:

> Plaintiff contends that [CHASE] has no legal right to collect mortgage payment relating to the mortgage recorded against title of Plaintiffs property.
>
> Plaintiff contends that ... MERS cannot validly assign its interests in a mortgage or deed of trust. As such the appointment of MERS renders any mortgage or deed of trust listing MERS as beneficiary as a void instrument.
>
> Plaintiff therefore request[s] a judicial determination of the rights, obligations and interest of the parties with regard to the Property [.]

Dkt. 1 pp. 19.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides a federal court with discretionary jurisdiction to hear declaratory judgment actions. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). The Act states that in a case of actual controversy within its jurisdiction any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. This is an incorporation of the Article III constitutional case or controversy requirement. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).

One element of the case-or-controversy requirement is that Plaintiffs must establish that they have standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish Article III standing, a Plaintiff must establish an invasion of a legally protected interest which must be

"concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, ___ U.S. ___, 130 S.Ct. 274, 275 (2010).

Plaintiff has not alleged an imminent injury traceable to the Defendants, nor is the controversy in this case of sufficient immediacy to warrant declaratory relief. There is no allegation in the Complaint that any of these Defendants have begun or threatened to initiate foreclosure proceedings.  Although, at some point, it is possible someone might commence foreclosure proceedings against Plaintiff, there is no evidence that any of the Defendants have done so yet, and there is no allegation showing that foreclosure proceedings are imminent.  The claimed threat of numerous foreclosure actions, from entities that may or may not have authority to foreclose, is speculative because they are future events that may never occur. The request that the Court determine the legal rights of the parties in order to preclude anyone from initiating foreclosure proceedings is in actuality a request for an advisory opinion, which the court may not give.  Plaintiff's allegations are insufficient to show there exists a substantial controversy of sufficient immediacy to warrant declaratory relief.

   The Court need not engage in a lengthy analysis of Plaintiff's underlying theories of recovery.  They are not independent causes of action and lack of any legal authority.  First, to the extent Plaintiff claims his note is invalid because no Defendant can produce the original notes, a discredited serially advanced theory known as the "show me the note" theory, the Washington Deed of Trust Act does not require that a mortgage servicer or mortgagee produce the original note to the borrower on demand or prior to foreclosure.  Rather, Washington law requires that the foreclosing lender demonstrate proof of beneficial ownership of the underlying note to the trustee.  RCW 61.24.030(7)(a); *Bain v. Metr. Mortg. Group, Inc.*, 175 Wn.2d 83 (2012).  Second,

Plaintiffs' contention that separation of the Note from their Deeds of Trust render the Note unenforceable or excuses payment is contrary to *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (rejecting the "separation of the note" theory).  Third, there is no authority which provides that the failure to appoint a successor trustee on the Deed of Trust is a basis for extinguishing the instrument.  Indeed, RCW 61.24.010(2) sets out a process for appointing a replacement or successor trustee.   Fourth, there is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands.  Finally, the *Bain* decision does not stand for the proposition that naming MERS as a beneficiary on a Deed of Trust voids the deed or invalidates a lender's entitlement to repayment on the loan. The *Bain* Court specifically stated that it "tended to agree" that a violation of the Deed of Trust Act "should not result in a void deed of trust." *Bain*, 175 Wn.2d 83, 113 (2012).  At present Plaintiff has asserted no more than a mere demand that Defendants prove their legal status with respect to the Deed of Trust and Note. This does not suffice to establish a case or controversy.

Plaintiff is not entitled to declaratory judgment and this claim is subject to dismissal.

### REAL ESTATE AND SETTTLEMENT PROCEDURES ACT

Plaintiff's third cause of action alleges violations of the Real Estate Settlement and Procedures Act (RESPA):

> The loans to Plaintiff by Defendants, BNC MORTGAGE, INC. are federally regulated mortgage loans defined in the Real Estate Settlement Procedures Act ("RESPA")  ...
>
> Defendants have violated [RESPA] 12 U.S.C. § 2607(a) which provides: that "no person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding,  oral or otherwise  that business

> incident to or a part of a real estate settlement service involving a federal related mortgage loan shall be referred to any person."
>
> Defendants also violated [RESPA], 12 U.S.C. §2607(b) which provides that "no person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."

Dkt. 1 p. 20.

Plaintiff makes reference to the Defendants generically and makes no specific reference to Defendants Chase and MERS in the allegations relating to RESPA violations. See Dkt. 1 pp. 20-22. Plaintiff's RESPA claim, to the extent that it is asserted against the moving Defendants, should be dismissed. Plaintiff makes allegations regarding the original loan, but does not dispute that these Defendants were not involved in that transaction. Plaintiff had failed to plead factual allegations which would entitle Plaintiff to relief under RESPA against Defendants Chase or MERS.

The Defendants are entitled to summary judgment and dismissal of the RESPA claim.

### TRUTH IN LENDING ACT

Plaintiff's fourth cause of action alleges violations of the Truth in Lending Act (TILA). Plaintiff alleges:

> Plaintiff alleges that each assignment of his/her promissory note/mortgage required the Defendants and each of them to notify him/her within thirty (30) days of when his loan had been transferred. Plaintiff contends that each Defendant violated 15 U.S.C.§1640, et seq. in that no notice was ever provided to the Plaintiff of the sale of his/her promissory note to each subsequent purchaser of their note.

Dkt. 1 p. 23.

Initially, it appears that Chase is the loan servicer, not "the creditor that is the new owner or assignee of the debt" as set forth in the statute, and therefore, Chase cannot have violated this

provision. In addition, the Court acknowledges that the TILA claims may be time-barred based on the relevant statutes of limitation. Plaintiff has not provided evidence as to when these alleged violations were to have occurred. The Court makes no finding as to the timeliness of the TILA claims. Further, the failure to comply with the notice provisions results in civil liability for "any actual damage sustained by such person as a result of the failure [.]" 15 U.S.C. § 1640(a)(1). In order to state a TILA claim for actual damages, a plaintiff must demonstrate detrimental reliance upon an inaccurate or incomplete disclosure. *Gold Country Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002).

Plaintiff has not alleged any facts demonstrating or supporting the inference that he relied to his detriment on the lack of TILA disclosures nor has Plaintiff alleged any actual damages or finance charges related to Chase or MERS alleged TILA violation.

The TILA claim fails and Defendants are entitled to summary judgment.

## CONCLUSION

Based on the foregoing the defendants Chase and MERS are entitled to summary judgment dismissing Plaintiff's Complaint.

Therefore, it is ORDERED:

1. Defendants JPMorgan Chase Bank, NA and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (Dkt. 22) is **GRANTED.**

2. Plaintiff's Counter Motion for Summary Judgment (Dkt. 26) is **DENIED.**

3. Plaintiff's Complaint and causes of action in their entirety are **DISMISSED WITH PREJUDICE** as to Defendants JPMorgan Chase Bank, NA and Mortgage Electronic Registration Systems, Inc.'s

4. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Plaintiff, appearing *pro se,* at said party's last known address.

Dated this 27th day of August, 2013.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge