UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD C. BOROWSKI,, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br> BNC MORTGAGE, INC.; LEHMAN BROTHERS HOLDINGS, INC.; STRUCTURED ASSET SECURITIES CORPORATION; STRUCTURED ASSET INVESTMENT LOAN TRUST 2004-2; BANK OF AMERICA, NA; JPMORGAN CHASE BANK, NA; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; AND DOES 1 TO 10, inclusive, <br><br>　　　　　　Defendants. | CASE NO. C12-5867 RJB <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60 AND DENYING REQUEST FOR STAY OF ORDER |

ORDER DENYING PLAINTIFF'S MOTION FOR
RELIEF UNDER RULE 60 AND DENYING
REQUEST FOR STAY OF ORDER- 1

This matter comes before the Court on pro se Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60 and request for a stay from the Order, dated August 27, 2013.[1] Dkt. 48. The Court has considered the pleadings in support of the motion and the record herein.

## INTRODUCTION AND BACKGROUND

On September 28, 2012, pro se Plaintiff Edward C. Borowski filed an action for declaratory judgment and quiet title. Dkt. 1 pp. 1-2. The Complaint seeks a declaration of interests in the subject property and for the cancellation of his mortgage. *Id*. Plaintiff's Complaint asserts the following causes of action (1) quiet title, (2) declaratory relief, (3) violation of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601, et seq., and (4) violation of the Truth in Lending Act, 15 U.S.C. § 1641(g). Dkt. 1. On October 24, 2012, Defendants Mortgage Electronic Registration Systems Inc. (MERS) and JP Morgan Chase Bank NA. (Chase) filed an Answer to the Complaint. Dkt. 9. On July 2, 2013, Defendants MERS and Chase filed a motion for summary judgment. Dkt. 22. The motion was noted for August 2, 2013. *Id.* On July 11, 2013, the Court entered an Order Regarding Motion to Dismiss. Dkt. 24. This Order provided Plaintiff with notification of the appropriate procedures for responding to the motion (*Rand* notification). Dkt. 24.

On July 24, 2013, Plaintiff filed a Notice of Filing Supporting Exhibits in Paper or Physical Form with the Clerk's Office. Dkt. 25. The "Supporting Exhibits" were filed with the Court on July 24, 2013. These exhibits were scanned and filed electronically in the Court's Docket C12-5867 on July 30, 2013. See Dkts. 28 – 40.

---

[1] The court will address the Order to Show Cause (Dkt. 47) by separate order to follow.

ORDER DENYING PLAINTIFF'S MOTION FOR
RELIEF UNDER RULE 60 AND DENYING
REQUEST FOR STAY OF ORDER- 2

On July 30, 2013, Plaintiff filed a document captioned "Plaintiff's Opposing Motion to Defendant's Motion to Dismiss Motion for Summary Judgment and Memorandum."  See Dkt. 26.  The pleading also contains the following heading: "Plaintiff's Opposition to Defendants Chase and Mers Motion to Dismiss Pursuant to FRCP 12(b)(6) and Countermotion for summary Judgment" Dkt. 26 p. 1.  The electronic docket entry text provided by Plaintiff is captioned "MOTION for Summary Judgment by Plaintiff Edward C Borowski."  See Dkt. 26.  On the same date, Plaintiff filed a pleading captioned "Affidavit of Edward C. Borowski In Supporting Opposing Motion."  See Dkt. 27.  Plaintiff's electronic docket entry text for this document provides: "AFFIDAVIT of Edward C Borowski filed by Plaintiff Edward C Borowski re 26 Proposed MOTION for Summary Judgment."  Dkt. 27.

Pursuant to Local Rule 7(d)(3), Plaintiff's motion for summary judgment was noted for August 23, 2013.  In light of the cross-motion for summary judgment filed by Plaintiff, the Court renoted Defendants' motion for summary judgment to August 23, 2013, to be considered with Plaintiff's opposing motion.  Dkt. 41.

On August 2, 2013, Defendants filed a Reply in support of their motion for summary judgment.  Dkt. 43.  On August 19, 2013, Defendants filed a Response to Plaintiff's motion for summary judgment.  Dkt. 44.

On August 22, 2013, Plaintiff filed a pleading captioned: "Plaintiff's Reply Brief to Defendant's Answer to Counter Motion for Summary Judgment."  Dkt. 45.  Plaintiff's electronic docket entry for this pleading provides as follows: "REPLY, filed by Plaintiff Edward C Borowski, TO RESPONSE to 22 MOTION for Summary Judgment by Defendant MERS and (Attachments: # 1 Supplement, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)"  Dkt. 45.

On August 27, 2013, the Court entered an Order on Cross-Motions for Summary Judgment. Dkt. 46. The Order dismissed Plaintiff's Complaint and causes of action in their entirety as to Defendants JPMorgan Chase Bank, NA and Mortgage Electronic Registration Systems, Inc. Id. at 11. As stated in the Order, "[t]he Court considered the pleadings in support of and in opposition to the motions and the record herein." *Id.* p. 2.

On September 24, 2013, Plaintiff filed the instant "Motion for Relief Under Rule 60 and Stay of Order." Dkt. 48.

## STANDARDS FOR RULE 60 RELIEF

**Rule 60(a).** Upon its own initiative or on the motion of any party, a court may correct clerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission. Fed. R. Civ. P. 60(a). A district court has very wide latitude in correcting clerical mistakes in a judgment. *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986). However, such a correction may only conform the judgment to the court's original intent. See *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir.1993). This limits the use of Rule 60(a) to correct errors in oversight and omission, which are "blunders in execution." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987). The error can be corrected whether it is made by a clerk or by the judge. *Id.* at 1577. Rule 60(a) "cannot be used to correct more substantial errors, such as errors of law." *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir. 1984).

Initially, Plaintiff requests the Court correct Plaintiff's clerical errors in the docket text, specifically, Dkts. 26 & 27. The Court cannot alter the Plaintiff's entries into the docket. Plaintiff may, if he so chooses, file a praecipe that provides for the substituted docket entry language and link the praecipe to the appropriate docket. The original docket language will not be altered, however, Plaintiff's corrected docket language will be displayed in the docket.

Plaintiff also requests the Court correct any omission due to errors of late e-filing. The Court considered all pleadings and supporting documents that were filed prior to the entry of the Order on Cross-Motions for Summary Judgment, August 27, 2013. These pleadings included Plaintiff's Dkts. 26, 27 and 45 and the attachments and exhibits thereto (Dkts. 25 – 40).

There are no omissions that require correction. All pleadings and documents submitted by Plaintiff were filed and considered by the Court in resolving this matter. That some documents were considered irrelevant to resolution of the summary judgment motions does not alter the fact that they were reviewed and are a part of this case. Questions of relevance and materiality are questions of law and not subject to clerical correction pursuant to Rule 60(a).

The motion for Rule 60(a) relief will be denied.

**Rule 60(b)**. Plaintiff brings his motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).[2] A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due

---

[2] The Court notes that Plaintiff has filed a notice of appeal with the Ninth Circuit. Dkt. 49. The proper procedure to seek Rule 60(b) relief during the pendency of an appeal is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the appellate court, if appropriate, for remand of the case. If this procedure is not observed, the district court lacks jurisdiction to consider the Rule 60(b) motion. *Williams v. Woodford*, 384 F. 3d 567, 586 (9th Cir. 2004).

diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F. 3d 844, 851 (9th Cir. 2004).

Plaintiff's motion appears to be based on a misconception that the Court did not consider his affidavits and exhibits in resolving the motions. As noted previously, Plaintiff is incorrect. The Court reviewed all the submissions and considered all relevant and pertinent documents in the resolution of the motions.

A review of the motion and record herein provides no support for relief on any grounds, enumerated under Fed. R. Civ. P. 60(b). A motion for reconsideration "is not a vehicle to reargue the motion or to present evidence which should have been raised before." *Beentjes v. Placer County Air Pollution Control Dist.,* 254 F. Supp.2d 1159, 1161 *(*E.D. Cal. 2003); *United States v. Westlands Water Dist*., 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001). Plaintiff attempts to use this motion to revisit the factual and legal arguments made in support of and in opposition to the cross-motions for summary judgment. The Court is not persuaded by this reargument. Plaintiff's motion does not demonstrate a manifest error in the Court's prior ruling, nor does it provide the Court with any new information not previously considered. Plaintiff has not made the requisite showing as to any of the grounds for reconsideration under Rule 60(b).

## STANDARDS FOR STAY

Plaintiff requests a stay of the Order on Cross-Motions for Summary Judgment. A stay is not a matter of right but is instead an exercise of judicial discretion and the propriety of its issue

is dependent upon the circumstances of the particular case. *Nken v. Holder,* 556 U.S. 416, 433 (2009). The requesting party bears the burden of showing that the circumstances justify an exercise of the court's discretion. *Id.* at 434.

In determining whether a stay pending appeal is appropriate, the Court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. The first two factors are the most critical. *Id.*

Here, the critical factors weigh in favor of denying a stay. As for the first factor, the Court finds that Plaintiff has not shown a likelihood of success on the merits, let alone a strong showing. As to the second factor, Plaintiff has not shown that he will suffer irreparable harm if a stay is not granted. There is no argument made by Defendants as to the third factor, that they will suffer irreparable injury if a stay is granted. Finally, there is a strong public interest in favor of timely compliance with orders of the court. There is also a public interest in resolution of litigation. Therefore, on balance, the public interest weighs in favor of denying the stay.

Plaintiff's request for a stay will be denied.

## CONCLUSION

For the above stated reasons Plaintiff's request for correction of errors pursuant to Fed. R. Civ. P. 60(a) and for reconsideration pursuant to Fed. R. Civ. P. 60(b) is denied. Plaintiff is not entitled to a stay.

1  Therefore it is hereby **ORDERED:**

2  Plaintiff's Motion for relief pursuant to Fed. R. Civ. P. 60 and request for a stay from the

3  Order, dated August 27, 2013 (Dkt. 48.) is **DENIED.**

4  Dated this 24th day of October, 2013.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge